UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| PANKAJ CHOUDHARY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 2:26-cv-00041-JPH-MG |
| | ) |
| BRISON SWEARINGEN, | ) |
| SANDRA SALAZAR, | ) |
| TODD LYONS, | ) |
| KRISTI NOEM, | ) |
| PAMELA BONDI, | ) |
| | ) |
| Respondents. | ) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Pankaj Choudhary seeks a writ of habeas corpus requiring that he be released from U.S. Immigration and Customs Enforcement ("ICE") detention or, alternatively, that he receive a bond hearing within seven days. Because the undisputed facts demonstrate that Mr. Choudhary is eligible for a bond hearing, the Court **GRANTS** his petition, ordering that by **5:00 p.m. on January 29, 2026**, Respondents must either: (1) afford Mr. Choudhary an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Choudhary from custody, under reasonable conditions of supervision.

I. **Background**

The material facts are undisputed.

Mr. Choudhary is a citizen of India. In December of 2022, he entered the United States without admission or parole with his spouse and child. Dkt. 6-1

1

at 6 (ERO Narrative). Customs and Border Protection ("CBP") apprehended Mr. Choudhary near Calexico, California on or around December 31, 2022. The record does not show whether Mr. Choudhary was detained or served with a Notice to Appear and placed in removal proceedings at that time. At some point, Mr. Choudhary filed a Form I-589 application seeking asylum or withholding of removal based on the religious persecution that he faces in India. Dkt. 1 ¶ 23.

On December 30, 2025, Mr. Choudhary attended an ICE Field Office Appointment in Illinois. Dkt. 6-1. During his appointment, an ICE agent arrested Mr. Choudhary pursuant to a Warrant for Arrest of Alien (Form I-200), which authorized the agent to take him into custody under 8 U.S.C. § 1226. *Id.* at 8. That day, Department of Homeland Security ("DHS") issued Mr. Choudhary a Notice to Appear, placing him in removal proceedings under 8 U.S.C. § 1229a. *Id.* at 1. The Notice charged Mr. Choudhary as "subject to removal" per § 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA") because "[he] [was] not then admitted or paroled after inspection by an immigration officer." *Id.* Mr. Choudhary was also charged as removable per § 212(a)(7)(A)(i)(I) because he did not have a valid immigration document. *Id.* The "arriving alien" checkbox is unmarked. *Id.*

Mr. Choudhary was subsequently transferred to Clay County Jail in Brazil, Indiana, where he remains detained. Dkt. 1 ¶ 24. Mr. Choudhary has not moved for or been given a custody re-determination hearing. *See id.*, ¶¶ 26–31.

## II. Discussion

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Choudhary claims that his current detention violates the INA (Count I) and the Due Process Clause of the Fifth Amendment (Count II). *Id.*, ¶¶ 74–81. Respondents argue that Mr. Choudhary's petition is premature; that he is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A); that, in the alternative, he is lawfully detained under the INA pursuant to 8 U.S.C. § 1226(a); and that his detention is constitutional. Dkt. 6.

The Court finds that Mr. Choudhary's detention is unlawful because Respondents are detaining him under § 1225 which does not apply here and have not given him a bond hearing as required under § 1226(a). Because Mr. Choudhary is entitled to habeas corpus relief on these grounds, the Court does not address the constitutional arguments.

### A. Exhaustion

Respondents argue that Mr. Choudhary's petition is premature because he has not moved for a bond hearing. Dkt. 6 at 6. Mr. Choudhary argues that it is futile to attempt to exhaust his administrative remedies because the Bureau of Immigration Appeals ("BIA") has already directly addressed the issue of his statutory qualification for bond in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). Dkt. 1 ¶ 27. Furthermore, as recently as January 13, 2026, the Chief Immigration Judge, Teresa L. Riley, issued nationwide guidance instructing all immigration judges to continue to follow *Yajure Hurtado*. *Id.*, ¶ 28.

Respondents do not cite a statute requiring Mr. Choudhary to request a bond hearing before seeking habeas relief. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). In similar circumstances, other district courts determined that the petitioner was not required to exhaust administrative remedies by seeking a bond hearing before an immigration judge because doing so would be futile given *Matter of Yajure Hurtado*'s holding, which is binding on immigration judges. *Valencia v. Noem*, No. 25-CV-12829, 2025 WL 3042520, at *2 (N.D. Ill. Oct. 31, 2025) ("Requiring Petitioner to exhaust his administrative remedies would be futile because Respondents' position is that he is *statutorily precluded* from obtaining the relief he seeks. The Court declines to require exhaustion because [t]here is nothing to indicate the BIA would change its position [once] the BIA has predetermined the statutory issue.") (internal quotes and citations omitted); *see also Ceballos Ortiz v. Olson, et al.*, 2:25-cv-00548-MPB-MJD, dkt. 18 at 2-3, 6-9 (S.D. Ind. Nov. 19, 2025) (finding exhaustion would be futile, proceeding to merits, and ordering that petitioner be provided a bond hearing). The Court finds the reasoning applied in these cases persuasive and concludes that Mr. Choudhary was not required to exhaust administrative remedies because doing so would be futile.

## B. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also

4

"authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

> Section 1226(a) provides:
>
> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States …. [T]he Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
> (A) bond . . . ; or
>
> (B) conditional parole . . . .

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez*

5

*v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the noncitizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### C. Mr. Choudhary Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

Respondents argue that Mr. Choudhary is subject to the broader "catchall provision" in § 1225(b)(2) because he is an "applicant for admission" according to § 1225(a)(1), who is not covered by the narrower provisions for "arriving aliens" in § 1225(b)(1), and who is "not clearly and beyond doubt entitled to be admitted." Dkt. 6 at 8–9.

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Choudhary who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Mendoza-Loera v. Warden, Clay Co. Jail*, No. 2:25-cv-00554-JPH-MJD, dkt. 16 at 8–11 (S.D. Ind. Nov. 21, 2025); *Corzo Martinez v. Olson et al.*, No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. January 10, 2026).[1] As the Court previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *Alejandro*, 2025 WL 2896348, at *14–19; *Jackson Rizo v. Swearingen*,

---

[1] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply as set forth in *Corzo Martinez v. Olson et al.*, Case No. 2:26-cv-00003-JPH-MKK, Dkt. 13 (S.D. Ind. Jan. 10, 2026) and *Jackson Rizo v. Swearingen*, Case No. 2:26-cv-00026-JPH-MKK (S.D. Ind. January 23, 2026).

7

Case No. 2:26-cv-00026-JPH-MKK (S.D. Ind. January 23, 2026). Respondents have cited no binding precedent to the contrary. And as the Seventh Circuit recently explained, "seeking admission" under § 1225(b)(2)(A) cannot be read as synonymous with "applicant for admission". *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025) (citing *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 432 (2023)) ("[E]very clause and word of a statute should have meaning.")).[2]

In addition, except for denying him a bond hearing, the Respondents' treatment of Mr. Choudhary has been consistent with their description of § 1226. *See* dkt. 6 at 10–11. In December of 2022, federal agents "apprehended" Mr. Choudhary near Calexico, CA. Dkt. 6-1 at 6. Though the record is not clear, Mr. Choudhary must have been released at some point because he ended up moving to Illinois. As seen above, § 1225 does not provide for release except under circumstances not applicable here (e.g., humanitarian parole) because it mandates detention. Then, roughly three years later, during a Field Office Appointment, Mr. Choudhary was "apprehended" once again pursuant to a warrant that explicitly authorized the federal agent to take him into custody

---

[2] The Court cites *Castañon-Nava* as persuasive precedent. *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' — F.4th —, 2025 WL 3552514, at *8. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

under § 1226. *Id.* Then, DHS issued a Notice to Appear that (1) left the "arriving alien" checkbox blank; and (2) charged Mr. Choudhary with removability because "[he] [was] not then admitted or paroled *after* inspection by an immigration officer" after he entered the country in 2022. *Id.* at 1 (emphasis added).

These facts are quite different from the facts presented in *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which Respondents briefly reference in support of their position that Section 1225 applies to Mr. Choudhary. Unlike Mr. Cruz Rodriguez who had no immigration record and was subjected to a warrantless arrest, Mr. Choudhary was released after his initial encounter with federal immigration officials in 2022 and then in 2025 he was arrested pursuant to a warrant. *Cruz Rodriguez* therefore does not apply here.

Respondents next argue that "Section 1225 governs inspection, the initial step in deciding who can enter the country and who can stay after entering," but they do not explain why or how Mr. Choudhary would need to be inspected again in 2025 if he was already inspected in 2022. *See* dkt. 6 at 8. So again, the government's treatment of Mr. Choudhary is consistent with § 1226, so it cannot now maintain that Mr. Choudhary is categorically ineligible for release under § 1225(b)(2)(A). *Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029524, at *6 (S.D. Ind. Oct. 30, 2025) (citing *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023

9

WL 1990303, at *3 (7th Cir. Feb. 14, 2023)); *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2741654, at *9 (N.D. Cal. Sept. 26, 2025) ("[T]he government cannot switch tracks and subject Petitioners to mandatory detention under section 1225(b)(2) when the government has instead placed Petitioners in removal proceedings under section 1229a and released them on their own recognizance under section 1226(a)."); *Fornalik v. Perryman*, 223 F.3d 523, 530 (7th Cir. 2000)).

Because the Court concludes that Section 1225 does not apply to Mr. Choudhary and that he is entitled to a bond hearing under § 1226, the Court declines to reach his other arguments.

### D. Opportunity for Bond Hearing

In the alternative, Respondents argue that Mr. Choudhary is being lawfully detained under § 1226a "because he will have the opportunity to receive a hearing before an Immigration Judge." Dkt. 6 at 13. Respondents therefore argue that this Court does not have jurisdiction over this matter due to § 1226(e), which states:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.

*Id.* (quoting 8 U.S.C. § 1226(e)).

There is no evidence, however, that Mr. Choudhary will have a *bond* hearing before an immigration judge. In fact, Respondents contend that Mr. Choudhary is ineligible for a bond hearing. Because an immigration judge has

10

not "denied" or "revoked" bond, § 1226(e) does not have any bearing on this petition.

Mr. Choudhary has not had an opportunity to meaningfully request and receive an individualized bond hearing. Thus, his detention pursuant to § 1226(a) is currently unlawful.

### III.   Scope of Relief

Mr. Choudhary is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Choudhary requests immediate release from custody or, in the alternative, an individualized bond hearing. Dkt. 1 at 23–24. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Choudhary's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.[3]

---

[3] Mr. Choudhary seeks additional prospective injunctive relief that the Court declines to consider because it exceeds the scope of the habeas petition.

11

### IV.  Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on January 29, 2026**, Respondents must either: (1) provide Mr. Choudhary with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Choudhary from custody, under reasonable conditions of supervision. No later than **12:00 p.m. on January 30, 2026**, Respondents must file documentation certifying that they have either provided Mr. Choudhary with a bond hearing or released him. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 1/26/2026

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel